**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 16-4142**

---

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

RANDALL STEWART HILL,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:15-cr-00037-F-1)

---

Submitted: March 31, 2017                           Decided: April 7, 2017

---

Before KING, DIAZ, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joseph E. Zeszotarski, Jr., GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Stewart Hill was convicted after a jury trial for conspiracy to manufacture, distribute, dispense, and possess methamphetamine. The jury determined that the quantity of methamphetamine involved was 500 grams or more. Hill received a 420-month sentence. On appeal, Hill argues that the district court did not properly instruct the jury as to drug quantity, that the Government made improper remarks at closing argument requiring a new trial or resentencing, and the district court erred in applying a sentencing enhancement for possession of a firearm in connection with the offense. We affirm.

We review "the district court's jury instructions in their entirety and as part of the whole trial, and focus on whether the district court adequately instructed the jury regarding the elements of the offense and the defendant's defenses." *United States v. Wilson*, 198 F.3d 467, 469 (4th Cir. 1999) (internal citation omitted). Hill acknowledges that his failure to object to the quantity instructions subjects this issue to plain error review. *United States v. Robinson*, 627 F.3d 941, 953 (4th Cir. 2010). To establish plain error, Hill must show: (1) there was an error, (2) that was plain, and (3) that affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732, 735-36 (1993). Further, we will exercise our discretion and reverse a conviction based on plain error only where the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732, 736 (brackets and internal quotation marks omitted).

Hill argues that the district court failed to instruct the jury that the quantity of methamphetamine attributable to him in the conspiracy is an element of the offense, and that the quantity determination must be made beyond a reasonable doubt. He further argues

2

that the court failed to instruct the jury on the proper method of determining the quantity of methamphetamine attributable to him, in violation of *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005).

"The purpose of jury instructions is to instruct the jury clearly regarding the law to be applied in the case." *United States v. Lewis*, 53 F.3d 29, 34 (4th Cir. 1995). Following *Apprendi*,[*] it is the jury's responsibility to determine the specific, statutory threshold drug quantity attributable to any particular member of a drug conspiracy. *Collins*, 415 F.3d at 313-14. In *Collins*, this court held that, in a 21 U.S.C. § 846 (2012) drug conspiracy prosecution, the threshold drug quantities for purposes of applying the graduated penalty provisions in 21 U.S.C. § 841(b)(1) (2012) must be determined by a jury beyond a reasonable doubt. *Collins*, 415 F.3d at 313-14. The court held further that a district court must, pursuant to *Pinkerton v. United States*, 328 U.S. 640, 646-48 (1946) (concluding that, in a criminal conspiracy case, a defendant can only be held liable for conduct that is within the scope of the criminal agreement and reasonably foreseeable as a natural consequence of the agreement), instruct the jury to determine the drug quantity attributable to any one defendant in the conspiracy—that is, the amount that was in furtherance of the conspiracy and reasonably foreseeable to that defendant—as opposed to the conspiracy as a whole. *Collins*, 415 F.3d at 314.

Reviewing the instructions in the context of the overall charge, we conclude that they fairly and accurately set forth the controlling law. *United States v. Woods*, 710 F.3d

---

[*] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

195, 207 (4th Cir. 2013) (the court considers the jury charge as a whole to determine whether the instructions accurately stated the statutory elements). The charge definitively stated that if the jury found that Hill was guilty of the conspiracy it then had to make a finding on drug quantity in order to convict. Hill has not demonstrated that the challenged instructions regarding elements of the offense and quantity usurped the jury's role in weighing the evidence against the proper burden of proof. The district court instructed the jury several times that the Government must prove its case beyond a reasonable doubt. No other burden of proof was mentioned. The court instructed the jury that it would have to determine the drug quantity reasonably foreseeable to Hill by stating that "[if] your verdict is guilty, you are instructed to determine the quantity of methamphetamine that the Defendant conspired to possess with the intent to distribute." In this trial, Hill was the only defendant and the testimony about drug weight related only to the interactions with Hill.

Further, if the evidence "overwhelmingly establishe[s]" that the defendant was personally responsible for the threshold quantity of drugs, and if his assertions at trial "primarily focused on whether he committed the offenses and not on the drug quantities reasonably foreseeable to him," this court may decline to recognize a plain *Collins* error. *United States v. Foster*, 507 F.3d 233, 252 (4th Cir. 2007). Here, the evidence was overwhelming that Hill was responsible for 500 grams of more of methamphetamine. We do not review the credibility of witnesses and assume the jury resolved all contradictions in testimony in favor of the Government. *United States v. Sun*, 278 F.3d 302, 312 (4th Cir. 2002). Therefore there is no error to be recognized by the court.

4

Next, Hill argues that the Government's allegedly improper arguments during closing statements rendered the trial unfair. He contends that the Government made three improper references: an inference casting him as the devil, a statement that the witness who set him up was now dead, and a statement that witness Billie Jo Fife had sex with him in exchange for methamphetamine. With respect to these arguments, however, Hill did not raise an objection in the district court. Therefore, we review only for plain error. *See United States v. Mitchell*, 1 F.3d 235, 239 (4th Cir. 1993).

A prosecutor's improper remarks during closing argument will mandate retrial only if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 240 (internal quotation marks omitted). This court considers six factors in determining whether a prosecutor's arguments are so prejudicial as to have deprived the defendant of a fair trial:

> (1) whether the government's remarks misl[ed] the jury, (2) whether they were extensive, (3) the strength of the evidence supporting conviction absent the comments, (4) whether the government deliberately made the comments to mislead the jury, (5) whether the defendant invited the comments, and (6) the presence of a curative instruction.

*United States v. Chong Lam*, 677 F.3d 190, 197 (4th Cir. 2012).

We assume without deciding that the challenged remarks on appeal were improper. However, the cumulative effect of improper remarks only mandate retrial if they "so infect the trial with unfairness as to make the resulting conviction a denial of due process." *Mitchell*, 1 F.3d at 239. Considering the statements and evidence in light of *Chong Lam*, we conclude that the Government's remarks did not infect the trial with unfairness so as to rise to a denial of due process and that any plain error need not be noticed.

5

Finally, we review application of the U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2015) enhancement for clear error. *United States v. Manigan*, 592 F.3d 621, 630–31 (4th Cir. 2010). In order for the enhancement to apply, "the Government must prove by a preponderance of the evidence that the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." *Id.* at 628–29 (internal quotation marks omitted). However, the Government need not prove that possession of the firearm was "precisely concurrent" with the criminal act. *Id.* at 629 (internal quotation marks omitted). "[P]roof of constructive possession of the [firearm] is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." *Id.*; *see* USSG § 2D1.1 cmt. n.11(A) (providing that enhancement should apply if weapon was present near illicit drugs "unless it is clearly improbable that the weapon was connected with the offense"). The defendant bears the burden of establishing such a clear improbability. *United States v. Slade*, 631 F.3d 185, 189 (4th Cir. 2011).

Hill cannot make this showing. The evidence at trial was that Ralph Stroud, a person who had been trading pseudoephedrine for methamphetamine with Hill, approached Hill at a gas station and Hill offered Stroud 28 grams of methamphetamine for $1500. Hill was sitting in his truck and Stroud saw a handgun in between the seats of the truck. This court has explained that "so long as a firearm's location makes it readily available to protect either the participants themselves during the commission of the illegal activity or the drugs and cash involved in the drug business, there will be sufficient evidence to connect the weapon to the offense conduct." *Manigan*, 592 F.3d at 629 (alterations and internal

6

quotation marks omitted).  We conclude that the district court did not clearly err in applying the enhancement.  Further, as Hill admits, any error did not affect the advisory Guidelines range.

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*